REQUESTED BY: Dear Senator:
You have asked us to review portions of LB 532. You cite page 69, line 19, through page 70, line 8. LB 532 is an appropriations bill. The purpose of the act is stated as an act to make appropriations for the expense of certain agencies of state government for the period of July 1, 1977, to June 30, 1978; and to declare an emergency.
Section 45, subsection (4) in part provides:
 "The State Department of Education shall establish rates for school districts contracting with the Diagnostic Resource Center in Cozad based upon an estimated of the actual cost of providing special education services computed pursuant to Chapter 43, article 6, Reissue Revised Statutes of Nebraska, 1943, and Rule 51, State Department of Education."
 "The purposes of the Diagnostic Resource Center shall include (a) diagnosis of educational handicapping conditions of children up to twenty-one years of age, training services for special education teachers and others, (c) research into the improvement of educational services for handicapped children, and (d) such other related activities as may be determined by the State Board of Education. No child shall remain in the residential program of Diagnostic Resource Center for more than ninety days during any school year."
You ask whether or not this language is constitutional since it extends beyond the fiscal year involved in the appropriations bill. You also ask whether administrative language of this type may be placed in appropriations bills.
We have substantially answered both of these questions in prior opinions to the Legislature. See, Opinion of the Attorney General, March 25, 1974, to Governor Exon, printed on page 1313 of the Session Laws, 1974; and Opinion of the Attorney General, March 16, 1976, to Senator George Syas. In both of these opinions we have substantially stated that Article III, section 14 of the Constitution and Article III, section 22 of the Constitution prohibit the inclusion in appropriations bills of language which is intended to direct or control administrative decisions. It is apparent to us that the language you refer to in LB 532 is not appropriate for an appropriations bill. Such substantive language should be enacted in the regular course as a separate bill. Such language upon being placed in an appropriations bill has legal or binding effect and may be ignored by the persons charged with the administration of the executive units of government to which the language refers.
We therefore reiterate those comments previously made in the opinions heretofore cited in this letter. Thus we conclude that the language appearing in LB 532, page 69, line 19 through and including page 70, line 8, would be ineffective if enacted in the present form and in violation Article III, section 14 and Article III, section 22 of the Constitution.